**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN DAVID OJEDA OJEDA,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA DETENTION CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-08559-JLT-SAB<br>A-Number: 246-243-372<br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br>(Doc. 1) |

Juan David Ojeda Ojeda is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 8.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Ecuador. He entered the United States without inspection in December 2022, where he was encountered by U.S. Border Patrol near San Luis, Arizona. (Doc. 5-1 at 2.) Petitioner was served with a Notice to Appear charging him pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 5-3.) Petitioner was then released with a Form I-94 as an Alternative to Detention. (Doc. 5-1 at 2-3.) On January 29, 2025,

Petitioner applied for Aslyum and Withholding of Removal, which remains pending. (*Id.*) There is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. (Doc. 1 at 8.) Yet, on August 20, 2026, Petitioner was arrested and taken into ICE custody following a targeted enforcement operation in Newark, New Jersey (*Id.*) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On October 9, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6-7.) On November 10, 2026, Respondents filed a response to the petition, in which they assert the detention authority in this case is 8 U.S.C. §1226(a) and that Petitioner failed to exhaust his administrative remedies. (*See* Doc. 5.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their opposition to the habeas petition, Respondents contend that immediate release is not the appropriate remedy because Petitioner failed to exhaust his administrative remedies before bringing this habeas action. (Doc. 5 at 1.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential

exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

As a threshold matter, pursuit of the available administrative remedy—namely, a custody redetermination hearing before an IJ pursuant to 8 C.F.R. § 1236.1(d)(1)—is inadequate and inefficacious, given that there is nothing in the record indicating Petitioner was provided with a Form I-286 Notice of Custody Redetermination despite him being detained for nearly three months. (*See* Doc. 5.) Not only would administrative remedies be inadequate and ineffective to cure Petitioner's lack of pre-deprivation procedures, but Petitioner's continued wrongful detention will result in irreparable injury for the reasons set forth in this Court's Order in *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 (E.D. Cal. Jan. 29, 2026). On the facts of this case, the court concludes that waiving the prudential exhaustion requirement is appropriate.

**B. Due Process**

Respondents do not dispute that Petitioner was initially detained in December, then released on his own recognizance. (Doc. 5-1 at 2.) Nor do Respondents make any attempt to distinguish this case from the many decisions granting immediate release when Respondents fail to demonstrate any circumstances that would warrant a finding that a Petitioner is a flight risk or a danger to the community. *See Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL

2879514 (E.D. Cal. Oct. 9, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, for the reasons stated in the orders cited above, the court concludes that petitioner's detention without notice and a pre-detention hearing violates due process and will order petitioner's immediate release

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
3. The Clerk of Court is directed California City Detention Facility in California City, California, with a copy of this Order.
5. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: November 16, 2026

UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.